IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN ISRAEL and one behalf of himself and other persons similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> HOME DEPOT INC. INC. <br><br> Defendants. | CLASS ACTION COMPLAINT <br><br> JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

**I.   INTRODUCTION**

This case challenges discriminatory employment practices of Home Depot, Inc. and as they relate to African American General Warehouse Associates. Plaintiff Jonathan Israel, a former Home Depot General Warehouse associates alleges that the Defendant engaged in a policy of race discrimination in the termination of the African American employees pursuant to a disciplinary pointing policy in violation of Title VII of the Civil Rights Act of 1964 ["Title VII"], and 42 U.S.C. § 1981.

Home Depot has followed a disciplinary practice of discriminating against African Americans, including himself, on the basis of race with respect to discipline

1

and termination, by unequally enforcing corporate policies and practices.

This continuing systemic pattern and practice of race discrimination in employment impacted Israel, the proposed class representative, and the class members that he seeks to represent in the following ways:

> The criteria utilized by Home Depot in making decisions-to include discipline and termination through a pointing system discriminates on the basis of race in violation of §703(k) of Title VII, 42 U.S.C. §2000e-2(k). Home Depot to use a companywide "pointing system" process for its employment decisions to the detriment of their African American employees. These processes disparately impacted African American employees. The pointing system is not applied equally without regard to race.

## II. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3), and (4), 2201 and 2202, 42 U.S.C. 2000d-2 and 2000e5

2. This is a suit authorized and instituted pursuant to the Act of Congress known as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as amended, "The Civil Rights Act of 1866", 42 U.S.C. § 1981.

3. Venue is proper in the Northern District of Alabama because the unlawful employment practices alleged herein were committed by the Defendant here. Venue is proper pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391(b).

### III. PARTIES

4. Plaintiff Jonathan Israel is an African American male, and a resident of Jefferson County, Alabama. Mr. Israel worked for the Defendant from December 2015 until June 23, 2021 as a General Warehouse Associate

5. Defendant Home Depot, Inc., is a home improvement retailer with locations throughout the United States, including the distribution center in McCalla, Alabama where Israel was formerly employed.

### IV. ADMINISTRATIVE EXHAUSTION

6. Plaintiff Israel fulfilled all conditions necessary to the institution of this action under Title VII. Israel received Determination and Notice of Rights Right to Sue on August 16, 2022 and is filing this Complaint within 90-days of receiving the same. Israel's EEOC charge notified the defendant that he was challenging the alleged discriminatory conduct as a class action. Plaintiff Israel's claims arising under 42 U.S.C. §1981 do not require administrative exhaustion.

### V. STATEMENT OF FACTS

7. Plaintiff re-alleges and incorporate by reference the foregoing paragraphs with the same force and effect as if fully set out in specific detail herein.

8. In December 2015, Israel became employed with Home Depot.

9. Israel worked as General Warehouse Associate in the company's distribution warehouse.

10. Israel was responsible for the movement of freight through the distribution center.

11. As part of his job, he unloaded and scanned freight.

12. Israel then loaded pallets into trailer for that would then be shipped to other Home Depot locations.

13. As a General Warehouse Associate, Israel was subject to Home Depot's disciplinary pointing system.

14. The company terminated Israel for violations of the absence policy. allegedly absences.

15. In the ten months prior to his June 2021 termination, Israel allegedly according to the company had a combination of leave early and/or unexcused absences 12 different times.

16. Israel disputes the accuracy and that the policy was correctly applied, as he was assessed unexcused absence points when the absences were due to be excused and moreover, he observed white persons (Jared Yates and Jonathan Coffey) leaving early without being assessed points.

17. Home Depot operates a voluntary time off (VTO) system whereby employees can leave and not be assessed points.

4

18. While the majority of employees holding the same classification as Israel were African American, they were terminated at a much higher rate than the white employees who retained their positions for greater lengths of time despite similar attendance records.

19. Israel worked for the company for six years prior to termination and lost his job after working diligently through the COVID period.

20. Israel was promoted to the travel team and did excellent work for the complaint.

21. The attendance policy is discretionary as employees are subject to discipline for violations, but not necessarily disciplined for violations. That unfettered discrimination allows the African American employees to be terminated more frequently than their white counterparts.

22. Israel also experienced that more work was assigned to the African American employees in the warehouse.

## VI. CLASS ACTION DEFINITION
(Race Discrimination)

23. Israel sues on behalf of himself and on behalf of all other similarly situated current, past, present, and future employees of the Defendant who are African American/black, who have been, continue to be, or in the future subject to one or more aspects of the systemic race discrimination described in this Complaint.

Such systemic race discrimination includes the Defendants (1) failure to promulgate, maintain, and enforce racially non-discriminatory attendance policies and practices; and (2) racially unequal terms and conditions of employment.

24. The claims herein have been brought and may properly be maintained as a class action because there is a well-defined community of interest among Class members with respect to the claims asserted herein and the proposed Class is ascertainable:

### A. COMMON QUESTIONS OF LAW AND FACT

25. The prosecution of Israel's claims adjudication of numerous questions of law and fact common to their individual claims and those of the putative classes they seek to represent. The common questions of law would include, inter alia: whether the Defendant has engaged in systemic race discrimination discriminatory attendance policies as applied, and in the general terms and conditions of work and employment in a manner made unlawful under the "Civil Rights Act of 1964," 42 U.S.C. § 2000 et seq., and "The Civil Rights Act of 1866," 42 U.S.C. § 1981 and 1981a. The common questions of fact would include, inter alia: (1) whether Home Depot discriminated against African American employees because of their race with regards to discipline and layoffs; (2) the retention rates of African-American employees as compared to white employees with similar attendance records (3)

whether compensatory and punitive damages, injunctive relief, and other equitable remedies for the class are warranted; and (4) whether Home Depot discriminated against African-Americans in other terms and conditions of employment. The details of the Representative Plaintiff's' claims are encompassed within the claims prosecuted on behalf of the class and set forth in this Complaint.

### B. TYPICALITY

26. Israel's claims are typical of those of the members of the class. Israel and all class members has e been and are similarly adversely affected by the systemic racially discriminatory practices complained of herein. Specifically, the representative claims, like those of the class members, arise out of Defendant's conduct with regard to alleged race discrimination in discipline, and termination, in the terms and conditions of employment. The relief necessary to remedy the Israel's claims of the is the same relief that is necessary to remedy the claims of the putative class members in this case. The Representative Plaintiff seeks the following relief for individual claims and class claims asserted herein: (1) declaratory judgment that Defendant has engaged in systemic race discrimination against African Americans; (2) backpay, front pay, compensatory damages, and other equitable remedies necessary to make the Plaintiff, and the class, whole from Home Depot's past discrimination; and (5) attorneys' fees, costs, and expenses.

## C. **NUMEROSITY AND IMPRACTICABILITY OF JOINDER**

27. The class that the Representative Plaintiff seeks to represent is too numerous to make joinder practicable. The proposed class consists of numerous former, current, and future African Americans employed as General Warehouse Associates who either have been, are, or will be, employed by Home Depot. Home Depot's pattern and practice of race discrimination also makes joinder impracticable by making it impractical and inefficient to identify many members of the class prior to the determination of the merits of class wide liability. Thus, the number of Class members is currently indeterminate, but is certainly numerous.

## D. **ADEQUACY OF REPRESENTATION**

28. The Representative Plaintiff will fairly and adequately protect the interests of the class inasmuch as they are broadly representative, as reflected in the preceding paragraphs. There are no conflicts of interest present with the members of the proposed class as each would benefit from the imposition of a remedy for the Defendant's discriminatory employment practices. The Representative Plaintiff has retained counsel experienced in litigating class actions in the field of employment discrimination, and who are prepared and able to meet the time and fiscal demands of class action litigation of this size and complexity. The combined interest, experience, and resources of the Representative Plaintiff and their counsel to litigate competently the individual and class claims of the race-based employment

discrimination at issue satisfy the adequacy of representation requirement under Fed.R.Civ.P. 23(a)(4).

29. Certification of a class of similarly situated African Americans is the most efficient and economical means of resolving the questions of law and fact that are common to the individual claims of the Representative Plaintiff and the proposed class. The individual claims of the Representative Plaintiff require resolution of the common question of whether Defendant has engaged in a systemic pattern of discrimination against African Americans. The Representative Plaintiff seeks remedies to undo the adverse effects of such discrimination in their own lives, careers and working conditions and to prevent such in the future. The Representative Plaintiff has standing to seek such relief because of the adverse effect that such discrimination has had on them individually and on African Americans, in general. In order to gain such relief for themselves, as well as for the putative class members, the Representative Plaintiff will first establish the existence of systemic race discrimination as the premise of the relief they seek. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the class of African Americans affected by the common questions of law and fact is the most efficient and judicious means of presenting the

evidence and arguments necessary to resolve such questions for the Representative Plaintiff, the class and the Defendant.

30. Plaintiff and the proposed class by adopting and following systemic practices and procedures that discriminate on the basis of race. Race discrimination are Home Depot's s standard operating procedure rather than sporadic occurrences. Home Depot refused to act on grounds generally applicable to the putative class by: (1) refusing to adopt or follow selection procedures which do not systemically discriminate against African Americans; and (2) refusing to provide equal terms and conditions of work to African Americans.  Home Depot's systemic race discrimination and refusal to act on grounds that are non-discriminatory have made appropriate declaratory relief with respect to the class as a whole.

<u>EFFICIENCY OF CLASS PROSECUTION OF COMMON CLAIMS</u>

31. The common issues of fact and law affecting the claims of the Representative Plaintiff and proposed class members, including, but not limited to, the common issues identified above, predominate, over any issues affecting only individual claims.  A class action is superior to other available means for the fair and efficient adjudication of the claims of the named Plaintiff and members of the proposed class.

32. The cost of proving the Defendant's pattern or practice of discrimination makes it impracticable for the named Plaintiff and members of the proposed class to control the prosecution of their claims individually.

VII. **COUNTS**

**COUNT ONE**

**Intentional Discrimination on the Basis of Race
in Violation of Title VII of the
Civil Rights Act of 1964 and 42 U.S.C. § 1981**

33. Representative Plaintiff restates and incorporate by reference all applicable paragraphs above as part of this Count of the Complaint.

34. Defendant discriminated against Israel and the class he seeks to represent with regards to discipline and termination because of their race, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

35. Defendant's conduct has been intentional, deliberate, willful and conducted with disregard for the rights of Plaintiff and members of the proposed class.

36. By reason of Defendant discriminatory employment practices, the Representative Plaintiff and the proposed class members have experienced extreme harm, including loss of compensation, wages, back and front pay, and other employment benefits, and, as such, are entitled to all legal and equitable remedies

available under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

## COUNT TWO

### Disparate Impact Discrimination on the Basis of Race
### In Violation of Title VII of the Civil Rights Act of 1964

37. Representative Plaintiff restates and incorporate by reference all applicable paragraphs above as part of this Count of the Complaint.

38. The criteria utilized by Defendant in making discipline and terminations on the basis of race in violation of §703(k) of Title VII, 42 U.S.C. §2000e-2(k).

39. These processes disparately impacted African American employees because the attendance policies allowed for subject to discipline and were not uniformly applied. Because of this, the decision-makers are free to exercise their discretion in an unguided, subjective manner that provides a ready mechanism for discrimination.

40. Defendant maintained these discriminatory policies, patterns, and/or practices both within and outside the liability period in this case. As a direct result of Defendant's discriminatory policies and/or practices as described above, Plaintiff and the class he seeks to represent have suffered damages

including, but not limited to, lost past and future income, compensation, and benefits.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff and the Class pray for relief as follow:

1. Certification of the case as a class action on behalf the proposed class;

2. Designation of Plaintiff as representative of the Class;

3. Designation of Plaintiff's Counsel of record as Class Counsel;

4. A declaratory judgment that the practices complained of herein are unlawful and violate Title VII, and 42 U.S.C. § 1981.

5. An order that the Company institute and carry out policies, practices, and programs that provide equal employment opportunities for all minorities, and that it eradicate the effects of its past and present unlawful employment practices;

6. For back pay, front pay and other monetary relief according to proof (including interest and benefits);

7. For all damages sustained as a result of the Company's conduct according to proof;

8. For compensatory damages, nominal damages, and

9. For exemplary and punitive damages in an amount commensurate with the Company's ability to pay, to deter future conduct, and to set an example for

others;

10. For reasonable attorneys' fees and cost including under to the extent allowable by law;

11. Pre-judgment and post-judgment interest, as provided by law;

12. For such ancillary orders, decrees and such further legal and equitable relief as may be necessary to enjoin and restrain the improper conduct and wrongdoing of Defendant; and,

13. For such other and further relief as the Court deems proper.

## JURY TRIAL DEMANDED

Respectfully submitted,

/s/Lee Winston
Lee Winston
Roderick T.
Attorneys for Mr. Israel and
the Proposed Class

**OF COUNSEL:**
Winston Cooks, LLC
420 20th Street North
Suite 2200
Birmingham, AL 35203
Telephone:  (205) 482-3551
Facsimile:   (205) 278-5876